## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **JARRETT MELVIN TARN** | : | **NO. 19-365** |

### MEMORANDUM

**Savage, J.**                                                                                                                 **April 28, 2025**

Defendant Jarrett Tarn moves *pro se* for a two-point reduction to his criminal history score. The government opposes relief, arguing he is not eligible because his sentence falls below the bottom of his amended guidelines range. Because Tarn's 108-month sentence is already lower than his amended guidelines range of 111 to 123 months, we must deny his motion.

On April 5, 2022, Tarn pled guilty to possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) (Count One); possession with intent to distribute oxycodone, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) (Count Two); possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) (Count Three); and possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1) (Count Four). As calculated in the Pre-Sentence Investigation Report, his total offense level was 22 and his criminal history score subtotal was six. Because he committed these offenses while on probation, two "status points" were added, bringing his total criminal history score to eight. Therefore, he was placed in criminal history category IV.

Tarn's guidelines range, based on a total offense level of 22 and criminal history category IV, was 63 to 78 months. His conviction on Count Three, possession of a firearm

in furtherance of a drug trafficking crime, carried a mandatory minimum of 60 months, consecutive to any other sentence imposed. His guidelines range with the mandatory minimum was 123 to 138 months. He was sentenced to 48 months on Counts One, Two, and Four, to run concurrently, and 60 months on Count Three, to run consecutively with the sentences imposed on Counts One, Two, and Four. His total sentence was 108 months.

*Analysis*

When a defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," a court may reduce the sentence if, after consideration of the factors set forth in 18 U.S.C. § 3553(a), it determines that (1) the "reduction is consistent with applicable policy statements issued by the Sentencing Commission;" and (2) the defendant is not a danger to society. 18 U.S.C. § 3582(c)(2); 18 U.S.C. § 3142(g).

The Sentencing Guidelines provide that a court "shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (d) had been in effect at the time the defendant was sentenced." U.S.S.G. § 1B1.10(b)(1); *see also Dillon v. United States*, 560 U.S. 817, 827 (2010) (noting courts considering § 3582(c)(2) motions must first "determine [a defendant's] eligibility for a sentence modification and the extent of the reduction authorized[,]" and then consider the § 3553(a) factors to determine whether a reduction is warranted).

On November 1, 2023, Amendment 821 to the U.S. Sentencing Guidelines became effective. Part A of the amendment decreased the status points assigned to

defendants with seven or more criminal history points from two to one, and eliminated status points for defendants with six or less criminal history points. U.S. SENT'G GUIDELINES MANUAL § 1B1.10 cmt. n. 7 (U.S. SENT'G COMM'N 2024); *see also* U.S.S.G. § 4A1.1. The Sentencing Commission allowed retroactive application of Part A, with an effective date of February 1, 2024.

Under the new guideline, Tarn would not receive any status points. U.S.S.G. § 4A1.1(e). With six criminal history points, he would be in criminal history category III. The guidelines range for a total offense level of 22 and criminal history category III is 51 to 63 months. With the mandatory minimum, his new guidelines range is 111 to 123 months.

Unfortunately, Tarn is not entitled to relief. Under the Sentencing Guidelines, we may not reduce a "defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under [§ 1B1.10(b)(1)]." U.S.S.G. § 1B1.10(b)(2)(A); *see also, e.g.*, *United States v. Mainor*, Crim. No. 20-219-1, 2025 WL 1018625, at *3 (E.D. Pa. Apr. 4, 2025) (concluding the defendant was not eligible for a sentence reduction "because his original sentence . . . falls well below the amended guidelines range"); *United States v. Badri*, Crim. No. 21-33-2, 2024 WL 2092982, at *1 (E.D. Pa. May 9, 2024) ("So, even though Mr. Badri's guideline range is lowered by the retroactive application of Amendment 821, the sentence he received still falls below that range. . . . Mr. Badri is therefore not eligible for a reduced sentence, and his motion must be denied.").

Tarn was sentenced to a total term of 108 months. Because his sentence of 108 months is less than the minimum of the amended guidelines range of 111 to 123 months, he is ineligible for relief. Therefore, we must deny his motion.